### STATE OF OHIO EX REL. HIPP v. ADAM J. HIGH, AUDITOR.

ON CERTIFICATE FOR REMOVAL OF PERSON TO INSANE HOSPITAL.

A certificate by the probate judge, that H., a sheriff, on a warrant to remove, was entitled to fees and mileage stated therein, is not a legal certificate, upon the presentation of which, to the auditor of the county, he must draw his warrant upon the treasurer of the county for the amount thereof.

Appeal from the Court of Common Pleas of Crawford county.

SENEY, J.

The petition and amendments thereto allege in substance the following facts:

That the relator was duly appointed, by the judge of the probate court, to remove from the Asylum for the Insane at Columbus to the County Infirmary of Crawford county, Ohio, a certain named insane person.

That the said probate judge issued his warrant to said relator for said purpose.

That pursuant to said warrant said relator did remove said insane person as aforesaid, and made due return of said warrant to said probate court.

That thereupon said probate judge ascertained and allowed to said relator the sum of $19.65, as the amount of his reasonable fees and expenses in executing said warrant.

That said probate judge issued his certificate, directed to the said defendant, certifying that the said relator, for the services, mileage and expenses aforesaid was entitled to the said amount of $19.65, said certificate reading as follows:

"Bucyrus, O., Feb'y 10th, 1886.

"$19.65.              Probate court, Crawford county, Ohio.

"I certify that Charles E. Hipp has served as a sheriff in the case of Barney McNeelin, a lunatic, on warrant to remove, and that he is entitled to the fees and mileage following, to-wit:

"Sustenance (75 per day) ......................... 75
"189 miles (10 per mile) .........................$18 90

"Total .........................$19 65

FREDERICK HIPP, P. J.

"To the auditor of Crawford county, O."

That said relator presented said certificate to said defendant and requested him to draw a warrant on the treasurer of said county of Crawford for said amount, but the said defendant has failed and refused to issue said warrant.

Relator therefore prays that a writ of mandamus may issue, commanding said defendant to issue said warrant, etc., etc.

Upon a petition averring these facts, the court of common pleas allowed an alternative writ of mandamus.

To this petition, the defendant answers in substance:

That no proper order, voucher or certificate was ever presented by said relator to the defendant.

That the distance traveled by said relator, computed by the nearest route is 143 miles, and not 189 miles, as stated in said certificate.

That the allowance made by the probate judge was procured by fraud and collusion between said relator and said probate judge.

That prior to the commencement of this action, said relator was in fact fully paid, out of said county treasury, upon the warrant of the defendant as county auditor for each and every mile legally traveled by said relator in executing and serving said warrant.

To the answer, alleging in substance these facts, the relator files a general demurrer, which was submitted to the court.

The demurrer searches the record, and in so doing, presents the question: Does the petition state facts sufficient for the relief demanded?

The auditor to be in default, the legal right must exist, on behalf of the relator to demand, and on behalf of the auditor to issue his warrant.

It will be noticed, that by the averments of the petition the demand of the relator for a warrant was based solely and alone upon the certificate pleaded—nothing less, nothing more; that the auditor refused to issue the warrant upon the certificate, so that the question presents itself: Did the legal right exist to make a demand upon the certificate? And this question is answered by reference to the sections of the statute upon this subject. •

Section 709, Rev. Stat. of the state, among other things, provides for the appointment of a suitable person by the probate judge to remove an insane person; provides for the issuing of a warrant to said person; provides for the execution of the warrant and the return of the same.

These three are the preliminary steps upon which are based the right to claim compensation for the service rendered. Without these steps being taken, no legal right exists to claim compensation, and the records of the probate court alone speak as to whether these steps have been taken.

After these steps have been taken, the question as to what the person shall receive as compensation is provided by sec. 719 Rev. Stat. What the compensation is or shall be under said sec. 719, is determined by this section, together with the facts, as to what was actually done. This question of fact is ascertained and determined by the probate judge under said sec. 709, and the records of the probate court should show this finding. Upon this finding being made by the probate judge, it is the foundation upon which is based the order of the judge, fixing the allowance to the person theretofore appointed and executing the warrant. When this is done, and not before, the legal right exists in said person to demand of the probate judge a certified copy of the finding and the order based thereon as provided by said sec. 709. The purpose and object of this right is to enable the person to procure from the auditor a warrant upon the treasurer for his services

so fixed and determined by the probate judge. Upon nothing else would the auditor be justified in issuing his warrant. It is the only means that the auditor has, in knowing that the amount due the person has been ascertained and fixed by the probate judge as provided by section 709.

A certificate that simply shows that the person is entitled to a certain sum is not in compliance with sec. 709, for it fails to show that the probate judge has ascertained the amount, and further, fails to show that the probate judge has declared and ordered said amount fixed.

The auditor was right in refusing to issue his warrant upon the paper presented to him.

A demurrer to the petition will be sustained, and petition dismissed at the costs of the relator.

Finley & Bennett, for the relator.

S. R. Harris and A. Wickham, for respondent.